UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RUBEN RODRIGUEZ and JAIME MAYORGA,<br><br>　　　　Defendants. | CR. NO. 2:11-0296 WBS EFB<br><br>ORDER RE: PLAINTIFF'S MOTION IN LIMINE |

----oo0oo----

　　　　The Indictment in this action charges defendants with the crime of conspiracy to commit wire fraud based on their making of false statements in home loan applications and related practices in violation of Title 18 U.S.C. § 1349.  Before the court is the Government's Motion in Limine to Exclude FCIC Report, Statement of John C. Dugan, Testimony of Individuals Cited in FCIC Report, and Lender Negligence, Generally, filed

1

September 19, 2016.  (Docket No. 304 ("Pl.'s Mot. Limine").)  The court held a hearing on this motion on October 5, 2016.

The government seeks an order precluding the admission of a report of the Financial Crisis Inquiry Commission ("FCIC Report") and testimony and/or statements of individuals identified in the Report "to show that [defendants] acted in good faith, and without an intent to defraud, when [they] complied with the training and directives of the lending institutions who were the nominal victims of the alleged fraud. . . ."  (Def.'s Resp. 1 (Docket No. 326).)[1]

While intent to defraud is an element of wire fraud, see, e.g., United States v. Lindsey, 827 F.3d 865, 869 (9th Cir. 2016), the FCIC Report, statements or testimony from individuals involved in the FCIC Report, and evidence regarding "prevailing industry practices" are not relevant because none of this information tends to negate his intent.  See Fed. R. Evid. 401 ("Rule 401").[2]  Rodriguez claims he was following prevailing mortgage industry practices in allegedly submitting false loan information, but at no point in his opposition does he claim that

---

[1] Rodriguez filed two separate responses to the Government's motion, one of which was filed on the docket at Docket No. 326, and the other which was filed at Docket No. 327.  In the second response, Rodriguez states that he seeks to introduce evidence that the United States has pursued civil actions against mortgage lending institutions.  (Def.'s Resp. at 1—2 (Docket No. 327).) As the Government did not move to exclude any such evidence, as explained by the Government at the hearing, the court does not address this issue.

[2] The court expresses no opinion as to the Government's claim that the FCIC Report and statements or testimony of individuals involved with the Report are irrelevant because, according to the Government, materiality need not be established to prove a count for conspiracy to commit wire fraud.

he believed that the allegedly false information was in fact true.  "While an honest, good-faith belief in the truth of the misrepresentations may negate intent to defraud, a good-faith belief that the victim will be repaid and will sustain no loss is no defense at all."  United States v. Treadwell, 593 F.3d 990, 997 (2010) (citation omitted and emphasis added).

The wire fraud statute does not require intent to cause pecuniary loss.  Id. at 998; accord United States v. Daniel, 329 F.3d 480, 488 (6th Cir. 2003) (rejecting defendant's argument that he lacked the requisite intent to defraud because he planned to repay the money or believed in good faith that he was acting in his victim's best interest, as it is sufficient that the defendant "intends the victim to accept a substantial risk that otherwise would not have been taken").  Thus, any evidence about the general practices of the mortgage industry, in effect that "everyone was doing it," while knowing that the information was false, does not tend to establish a good faith defense, does not negate Rodriguez's intent to defraud, and is thus irrelevant.  Indeed, the Ninth Circuit's recent decision in United States v. Lindsey, 827 F.3d at 870, explained that lenders' negligence or even intentional disregard of information in a loan application "cannot excuse another's criminal fraud."

Further discussion of the Lindsey decision is instructive.  In Lindsey, 827 F.3d 865, the defendant in a mortgage fraud case sought to admit certain evidence suggesting that the lenders were at fault for failing to verify the information in the fraudulent loan applications.  The district court excluded the evidence, and the defendant argued on appeal

3

that as a result of the exclusion, he was prevented from challenging the materiality of the false statements made and was unable to present a complete defense. Id. at 868–69. The Lindsey court rejected this argument, holding that "a victim's negligence is not a defense to wire fraud" and that "[e]vidence of lender negligence is thus not admissible as a defense to mortgage fraud." Id. at 870. The court recognizes that the Lindsey court was specifically addressing whether a statement is material under the wire fraud statute. Nevertheless, the Lindsey court did not limit its holding to cases where the defendant seeks to use such evidence to negate materiality.

The court is also wary of any attempts by the defendants to admit evidence of lender negligence under the guise of using the evidence to disprove intent. Notably, at the court's hearing on this motion, Rodriguez's counsel repeatedly argued that false statements could not be material (or alternatively, that Rodriguez lacked the requisite intent) if the lenders receiving such false statements did not care that the information was false (or even wanted loan applicants to provide false information). Such argument was squarely rejected by Lindsey, which explained that "as a matter of law . . . when a lender requests specific information in its loan applications, false responses to those specific requests are objectively material for purposes of proving fraud." Id. at 871. Thus, evidence of general industry lending practices is irrelevant and is therefore excluded under Rule 401.

Even assuming that FCIC Report or the statements or testimony of witnesses involved with the FCIC Report were

4

relevant, their probative value is outweighed by confusion of the issues, waste of time, and needlessly presenting cumulative evidence under Federal Rule of Evidence 403 ("Rule 403"). Introducing a voluminous report and statements or testimony of numerous witnesses who have knowledge about the mortgage industry generally but no knowledge regarding the defendants in this case is at best only marginally helpful to the jury in deciding whether the Government has proven its charges against defendants. The court is not saying that it would exclude competent evidence regarding what the lenders told the defendants or what the defendants heard or read from the lenders as it pertains to defendants' state of mind.  But admitting an outside report and testimony by witnesses with no knowledge regarding these specific defendants would lead the trial far afield from the pertinent issues in this case, and thus such evidence would be excluded under Rule 403.[3]

       IT IS THEREFORE ORDERED that the Government's Motion in Limine filed September 19, 2016 be, and the same hereby is, GRANTED.  Nothing in this order prevents the defendants from presenting competent evidence that any victims told the defendants that submitting false information was permissible.  It should also be understood that this order is without prejudice to either side calling any witnesses or presenting any evidence of dealings between the victims and the defendants, or regarding the defendants' training, for the purpose of showing the defendants'

---

[3] The court also grants the motion in the limine to the extent it seeks to exclude as hearsay the FCIC Report and any written statements by individuals involved with the report.

knowledge or lack of knowledge or intent.

Dated: October 5, 2016

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE