UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| UNITED STATES OF AMERICA, | CR. NO. 2:11-0296 WBS |
|---|---|
| Plaintiff, | MEMORANDUM AND ORDER RE: MOTION TO DISMISS INDICTMENT |
| v. | |
| RUBEN RODRIGUEZ and JAIME MAYORGA, | |
| Defendants. | |

----oo0oo----

The indictment in this action charges defendants with the crime of conspiracy to commit wire fraud based on their making of false statements in home loan applications in violation of 18 U.S.C. § 1349. Before the court is the defendants' Motion to Dismiss the Indictment made orally at the court's hearing on the parties' motions in limine on October 5, 2016 and filed on October 7, 2016. (Docket No. 345.)

Defendants claim that the indictment is deficient because it 1) "fails to specify which wrongful acts [the

1

defendants] perpetrated, and when, with the requisite intent to defraud," 2) fails to identify the victims and fails to allege that any defendant participated in a scheme to defraud, 3) does not identify who "submitted false documents or inflated income or engaged in any of the alleged 'Manner and Means'" of the conspiracy; and 4) fails to allege other details such as how the defendants knew of the purpose of the conspiracy.

Defendants' contentions are without merit. To the extent that this information was actually omitted from the indictment, the Government was not required to include it. "It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished." United States v. Mancuso, 718 F.3d 780, 790 (9th Cir. 2013) (quoting Hamling v. United States, 418 U.S. 87, 117 (1974)).[1]

Here, the indictment specifically alleges all the elements of conspiracy to commit wire fraud when it alleges that from about October 2004 until about May 2007, Rodriguez and Mayorga and others

> did knowingly combine, conspire, confederate, and agree with each other and with others . . . to execute through the use of the wires in interstate and foreign commerce a material scheme and artifice to defraud, and to obtain money by means of material false and fraudulent pretenses, representations and promises, in violation

---

[1] Thus, any cases regarding the sufficiency of the evidence for a conviction are inapposite.

2

|   |   |
|---|---|
| 1 | of Title 18, United States Code, Section 1343. |
| 2 |   |
| 3 | (Indictment at ¶ 9.) |

Such language is sufficient to meet the requirements of Federal Rule of Criminal Procedure 7 and the applicable case law.  The case of United States v. Whitlow, 815 F.3d 430 (9th Cir. 2016), is instructive on this issue.  There, the defendant sought dismissal of an indictment charging him with a violation of 18 U.S.C. § 1349, asserting that the indictment was "bare bones" and "without any factual statement of his involvement." Id. at 433.  The court denied the motion, noting that "[u]sually an indictment that tracks the statutory language is sufficient," and that the indictment included all of the elements of the crime charged.  Id. at 433.  Similarly, here, the indictment includes all of the elements of § 1349 and therefore dismissal is unwarranted.

Moreover, the indictment here goes well beyond the mere "bare bones."  It sets forth numerous other details, including most of which the defendants claim are omitted.  The indictment alleges that "[t]he object of the conspiracy was to obtain residential home loans from mortgage lenders based upon false and fraudulent loan applications and supporting documents" so that the defendants would obtain commissions and bonuses; that the defendants caused the issuance of 31 specific home loans (with the address of the property and date of loan issuance listed); that these loans resulted in lender losses of at least $4 million; that the defendants knew that the prospective home buyers would not otherwise qualify for the

loans; that the defendants falsely represented the borrowers' assets and income, liabilities and debts, employment status, citizenship status, intent to occupy the property as a primary residence, and financial status; and that the defendants submitted false verifications of rent and deposit. (Indictment at ¶¶ 10–13, 17.) The indictment further alleges that the defendants provided money to borrowers in order to fraudulently inflate the borrowers' assets and bank account balances and then took that money back, and that they used the wires in this scheme. (Indictment at ¶¶ 14–16.) Such detail is more than enough to inform the defendants of the "essential facts constituting the offense charged." See Fed. R. Crim. P. 7(c)(1).

At the court's hearing on the parties' motions in limine, Rodriguez also argued that the indictment should be dismissed for failure to allege an overt act. However, Rodriguez does not continue to assert such argument in his written motion. At any rate, the indictment need not allege an overt act because the relevant statute, 18 U.S.C. § 1349, does not expressly require an overt act. See United States v. Roy, 783 F.3d 418, 420 (2d Cir. 2015); Whitfield v. United States, 543 U.S. 209, 213–14 (2005).[2]

---

[2] The court also rejects the defendants' arguments regarding the statute of limitations, for the reasons discussed on the record at the October 5, 2016 hearing. As discussed, the Government is not precluded from presenting evidence of conduct occurring outside period of the statute of limitations for the purpose of proving a crime committed within the statutory period. See United States v. Musacchio, 968 F.2d 782, 790 (9th Cir. 1991).

Also at the hearing on the motions in limine, counsel for Rodriguez raised a vague argument that the indictment was overbroad, without further articulation.[3] Because this argument was not supported by any authority and was not raised in the defendants' written motion, the court declines to further address it in this Order.

IT IS THEREFORE ORDERED that the defendants' Motion to Dismiss the Indictment be, and the same hereby is, DENIED.

Dated:   October 14, 2016

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[3] To the extent the defendants' motion to dismiss may be construed as a motion for a bill of particulars, such motion, brought on the eve of trial, is untimely under Federal Rule of Criminal Procedure 7(f). Moreover, defendants have been sufficiently informed of the Government's theory of the case through the indictment, the discovery provided to the defendants, and the Government's numerous filings in the case.