UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| UNITED STATES OF AMERICA, | CR. NO. 2:11-0296 WBS |
|---|---|
| Plaintiff, | ORDER RE: MOTION TO QUASH |
| v. | |
| RUBEN RODRIGUEZ and JAIME MAYORGA, | |
| Defendants. | |

----oo0oo----

Before the court is Non-Party Victor Argueta's Motion to Quash Subpoena filed October 20, 2016.  (Docket No. 384.)  The court heard oral arguments on the motion on the morning of October 24, 2016.

Defendant Rodriguez contends that Mr. Argueta is a necessary witness to testify about WMC Mortgage, LLC's ("WMC") "actual" and "specific" underwriting practices.  However, Mr. Argueta, in his declaration and statements via counsel, explained that he was only an entry level "sampling administrator" in WMC's

1

risk analysis department and that he merely ran reports using WMC data without any analysis.  He also represented that he was not an underwriter and that he did not work with or apply WMC's underwriting guidelines.  Thus, even assuming that testimony regarding WMC's underwriting guidelines were admissible under Federal Rule of Evidence 401 and 403, there has been no showing that Mr. Argueta has the required personal knowledge of WMC's underwriting practices, and he is not qualified to testify regarding these guidelines.

Moreover, Mr. Argueta does not appear to have any knowledge regarding the defendants' actions, training, or states of mind.  Nor does he have any knowledge regarding what WMC or any other lender may have told the defendants.[1]  Accordingly, Mr. Argueta's testimony does not appear necessary or relevant to defendant Rodriguez's defense and the subpoena is unreasonable under Federal Rule of Criminal Procedure 17(c)(2).  See United States v. Burgeson, 425 F.3d 1221, 1225 (9th Cir. 2005).

---

[1] Rodriguez makes the vague claim that "[i]n several published articles about the inside day to day operation of WMC, Mr. Argueta is identified as one of the outspoken WMC employees who purportedly made numerous reports to executives and responsible parties within WMC during the 2005-2007/8 time period about WMC's questionable loan underwriting practices."  Mot. Quash Resp. at 5—6.  Rodriguez did not produce any articles in support of his response, though at the hearing, his counsel stated that Mr. Argueta was quoted in one article as saying regarding WMC, "They sent in people we thought were going to bring us back in the right direction . . . . But it just never happened."  Even assuming Mr. Argueta made such a statement, this does not establish that he would be able to provide any testimony responsive to any issues in this case, as WMC's lending practices are irrelevant under United States v. Lindsey, 827 F.3d 865, 868—70 (9th Cir. 2016).

2

         The court also finds that requiring Mr. Argueta to appear during trial would be oppressive under Federal Rule of Criminal Procedure 17(c)(2), given that he lives about 400 miles from Sacramento, is self-employed, is a care-giver for his 1-year old daughter, and has no relevant testimony to offer in this case.

         IT IS THEREFORE ORDERED that Non-Party Victor Argueta's Motion to Quash Subpoena filed October 20, 2016 be, and the same hereby is, GRANTED.

Dated:   October 24, 2016

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE