UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RUBEN RODRIGUEZ and JAIME MAYORGA,<br><br>Defendants. | CR. NO. 2:11-0296 WBS<br><br>ORDER RE: MOTION TO QUASH |

----oo0oo----

Before the court is Non-Party WMC Mortgage, LLC's Motion to Quash Subpoena filed October 19, 2016. (Docket No. 379.) The court previously entered an order granting the motion to quash (Docket No. 383) and subsequently vacated that order upon defendant Rodriguez's request to allow him to submit further briefing on the motion (Docket No. 385). The court has reviewed all of the parties' submissions in considering the motion, including those received after the court vacated its prior order.

1

At issue in the motion to quash is defendant Rodriguez's 21-request subpoena, which sought, among other things, any records relating to WMC's loan originations in California from 2004–2007; any records relating to any commissions paid to WMC employees in five different states from 2004–2007; any documents relating to any correspondence between WMC, WMC's parent, and any rating agency from 2004–2007; and any documents referring to certain individuals at WMC. WMC agreed to provide records regarding two loans originated by WMC that are at issue in this case but otherwise objects to the subpoena.

Under Federal Rule of Criminal Procedure 17(c), to support the issuance of a subpoena duces tecum, the requesting party must make a showing of relevancy, admissibility, and specificity. United States v. Reed, 726 F.2d 570, 577 (9th Cir. 1994) (citing United States v. Nixon, 418 U.S. 683, 700 (1974)). A subpoena under Rule 17(c) is "not intended [to serve] as a discovery device, or to allow a blind fishing expedition seeking unknown evidence." Id. (citation and internal punctuation omitted).

Yet, that is exactly what the court is faced with in examining the subpoena at issue. Whenever a subpoena calls for "all records regarding" a particular subject, "including but not limited to" the described documents, it signals a fishing expedition. Rule 17(c) was designed as a method of compelling witnesses with relevant and admissible documentary evidence to bring those documents to the trial or hearing at which they will be offered in evidence. The fact that the rule goes on to permit the court to direct the witness to produce the designated items

2

1 in court before they are actually to be offered into evidence was
2 not meant to convert Rule 17(c) into a discovery device.  The
3 discovery tools available to defendants in criminal cases are
4 limited, and are to be found elsewhere in the Federal Rules of
5 Criminal Procedure, not in Rule 17.  Moreover, the fact that the
6 court previously authorized the issuance of a subpoena does not
7 prevent the court from finding, on a motion to quash, that the
8 subpoena does not meet Rule 17(c)'s requirements.

9        Here, defendant Rodriguez has not made the required
10 showing of relevancy, admissibility, and specificity, with the
11 exception of the documents relating to the two loans originated
12 by WMC that are at issue in this case.  The court notes that the
13 subpoena requests several broad categories of documents, such as
14 any and all non-privileged records relating to loan originations
15 in California from 2004—2007, which does not describe the
16 documents sought with specificity.  Moreover, while defendant
17 Rodriguez contends that the records encompassed by these requests
18 are relevant to show his state of mind, the court cannot discern
19 how any of these documents would show defendant Rodriguez's state
20 of mind or that the documents would be admissible.  Even assuming
21 WMC was negligent or even intentionally disregarded information
22 in a loan application, "a victim's negligence is not a defense to
23 wire fraud" and "[e]vidence of lender negligence is thus not
24 admissible as a defense to mortgage fraud."  United States v.
25 Lindsey, 827 F.3d 865, 870 (9th Cir. 2016).  Thus, it is likely
26 that the majority of the records sought by the subpoena would be
27 excluded by the court under Federal Rule of Evidence 401 or 403.
28

        Further, production of all documents potentially subject to the subpoena would be unreasonable and oppressive under Federal Rule of Criminal Procedure 17(c)(2).  Complying with the subpoena would require the movant to review terabytes of electronic data, a lengthy and extremely costly process. Defendant Rodriguez claims that the subpoena is not burdensome because WMC has already produced some of the documents at issue in a civil case in the District of Connecticut.  However, this prior production does not relieve WMC from the burden that compliance with the subpoena would require.  Based on WMC's submissions, it appears that WMC would be required to review millions of records in order to comply with the subpoena in this case, which is broader than that issued in the prior civil case.[1]

        IT IS THEREFORE ORDERED that Non-Party WMC Mortgage, LLC's Motion to Quash Subpoena filed October 19, 2016 be, and the same hereby is, GRANTED to the extent the subpoena calls for the production of any documents other than those WMC has already agreed to produce.

Dated:   October 28, 2016

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[1] WMC represents, for example, that the production at issue in the Connecticut case involved documents relating to about 25,000 specific loans, apparently not at issue in this case, rather than the over 300,000 loans potentially covered by the subpoena in this case.

4