UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| UNITED STATES OF AMERICA, | CR. NO. 2:11-0296 WBS |
|---|---|
| Plaintiff, | ORDER RE: MOTION FOR ACQUITTAL |
| v. | |
| RUBEN RODRIGUEZ and JAIME MAYORGA, | |
| Defendants. | |

----oo0oo----

Before the court is defendant Ruben Rodriguez's Motion for Judgment of Acquittal filed November 11, 2016 and joined by defendant Jaime Mayorga. (Docket Nos. 452, 453.)

Rule 29 provides that "the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). "A motion for Judgment of Acquittal is reviewed on a sufficiency-of-the-evidence standard." United States v. Graf, 610 F.3d 1148, 1166 (9th Cir. 2010) (quoting

1

United States v. Stoddard, 150 F.3d 1140, 1144 (9th Cir. 1998)). "Under that standard, evidence supports a conviction, if, viewed in the light most favorable to the government, it would allow any rational trier of fact to find the essential elements of the crime beyond a reasonable doubt." Id. (quoting Stoddard, 150 F.3d at 1144). "In ruling on a Rule 29(c) motion, a district court must bear in mind that 'it is the exclusive function of the jury to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts.'" United States v. Rojas, 554 F.2d 938, 943 (9th Cir. 1977) (quoting United States v. Nelson, 419 F.2d 1237, 1241 (9th Cir. 1969)).

        The court recognizes that the jury did not reach a verdict in this case. Nevertheless, viewing the evidence in the light most favorable to the government, there was sufficient evidence for the jury to find all the elements of conspiracy to commit wire fraud against Rodriguez and Mayorga beyond a reasonable doubt. Specifically, there was sufficient evidence to allow a rational juror to find that Rodriguez and Mayorga participated in a conspiracy to obtain residential home loans from mortgage lenders based on false loan applications in order to obtain commissions and bonuses, as charged in the Indictment. There was also sufficient evidence that the defendants acted knowingly and with the intent to defraud. Various witnesses testified about how the defendants learned the fraudulent methods for qualifying unqualified home buyers, how the defendants used these methods, how the defendants worked with others at Delta Homes to engage in fraud, and how the defendants benefited from

the fraud.  Accordingly, a rational juror could find that the government proved the offense charged in the Indictment.

Moreover, the evidence was sufficient for a rational juror to find that the conspiracy shown by the evidence was the same conspiracy charged in the Indictment.  Although the government introduced evidence of transactions not listed in the Indictment, the government is allowed to submit proof "on the full scope of the conspiracy" and is not limited to the specific acts alleged in the Indictment.  See United States v. Rizk, 660 F.3d 1125, 1131 (9th Cir. 2011).  The government's failure to specifically connect the defendants to every single transaction listed in the Indictment did not constitute a variance.  The government is not required to prove every allegation in an indictment and need only present enough facts to prove the essential elements of the crime charged.  United States v. Jenkins, 785 F.2d 1387, 1392 (9th Cir. 1986).

IT IS THEREFORE ORDERED that defendants' Rule 29 motion for judgment of acquittal be, and the same hereby is, DENIED.

The undersigned senior judge will not be available to try this case a second time.  Accordingly, within ten court days from the date of this Order, the United States Attorney shall inform the court whether the government intends to retry this case.  If it does, the matter will be referred to the Chief Judge for reassignment to another judge.

Dated:  November 29, 2016

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE